SOLOMAN CROSSMAN *versus* SAMUEL MOODY *&* *al.*

Where a person places his name upon the back of a writ, no liability to pay costs which the defendant in the action may recover, is incurred thereby, unless it is done under such circumstances as make him liable under the provisions of the sixteenth, seventeenth and nineteenth sections of Rev. Stat. c. 114.

The eighteenth section of the same statute has reference merely to cases, where indorsers of writs are made liable under the provisions of the other sections.

If an indorsement be made upon a writ, where no liability under the statute provisions is incurred thereby, by order of the presiding Judge, or as a condition prescribed by him, upon the performance of which a motion, for the benefit of the indorser, should be allowed by the Judge, still no liability is incurred by such indorsement.

CASE against the defendants as indorsers of a writ in favor of Martha Robinson against the present plaintiff and two others, it being an action of trespass.

At the April Term of this Court, in the County of Cumberland, 1845, the defendants in that suit recovered judgment, severally, for costs of suit. Crossman took out his execution and delivered it to an officer, who made return thereon, that he had made diligent search for property of Martha Robinson, and could find none, and that he had demanded payment of the execution of the present defendants, and that they refused to pay the same. This suit was then instituted.

All the parties to the first suit were inhabitants of this State, and the writ originally was not indorsed by any one. When that suit was pending in the District Court, at the October Term, 1844, the then defendants had been ready for trial for several days, and the cause came on in regular order for trial. The plaintiff not being prepared for trial, a nonsuit was entered. On the next day the plaintiff moved, that the nonsuit should be taken off. The District Judge, " by and with the assent of the parties, allowed the nonsuit to be taken off upon the condition, that the plaintiff should furnish a responsible and satisfactory indorser," and an entry to that effect was made upon the docket. The defendants in the present suit then wrote these words upon the back of the writ : —

"Indorsed by subscribers Oct. 8, 3 o'clock, P. M. 1844," and wrote their names under the same.

*Howard & Shepley,* for the plaintiff, contended, that *case* was the proper remedy, and that the action was rightly brought in this Court.   Rev. st. c. 114, § 18.

The only question is, whether the defendants are bound by their indorsements.   The Court had authority to impose this condition, independent of all statute provisions, and without the assent of the parties.   It was like requiring costs to be paid up to that time.   It was not an order of court, requiring the indorsement to be made, but a condition imposed for the benefit of the then plaintiff, whereby, by a compliance, she could be entitled to the benefit of a trial.   It was a mode of giving security for the payment of the costs the defendants might recover.   The statute does not define the character of indorser.   It is well known what an indorsement is.   The eighteenth section makes all indorsers of writs liable, in the same manner, as if it had said, that whoever writes his name upon the back of a writ, shall be liable to pay any costs the defendant may recover, in case of the inability of the plaintiff. Having availed themselves of the condition, and having had their trial, they should not now be permitted to avoid the responsibilities of indorsers.

They are, however, indorsers under the provisions of the nineteenth section of the statute.   That gives authority to the Court to require an indorser, for any sufficient cause, after the action is commenced.

*Wells,* for the defendants, said that indorsers of writs could be made liable only under the provisions of the statute, as there was no such liability at common law.

There are but two cases, where the statute makes indorsers liable.   One is where the plaintiffs are not inhabitants of the State at the commencement of the suit; and the other, where they remove out of the State during its pendency.   Ordering a new indorser, where the former one becomes insufficient, is

but a continuation of the first, and can only happen, when there has already been one.

If a man supposes, at the time, that by writing his name upon the back of a writ, where the plaintiff lives within the State, that he makes himself liable, his belief does not add to his liability. And if the indorsement be made by order of the Judge, as a preliminary to another order for the benefit of the defendant, it is but a mistake of the court, and does not alter or affect the liability of the indorser.

The eighteenth section refers to the statute liability only, and imposes no new obligation, and gives no additional authority to the Court. It merely regulates the remedy, when the indorser is liable.

. There is no obligation incurred, and no contract implied, by the writing of a man's name on the back of a writ. It is only when it is done in cases where the statute says he shall be liable, that liability is incurred.

The opinion of the Court was drawn up by

TENNEY J. — This action is case under the statute c. 114, § 18, against the defendants as indorsers of a writ in which one Martha Robinson was plaintiff, and said Crossman a defendant, who obtained a judgment in that action for his costs. It is only as indorsers, that it is insisted they are liable; and it does not appear that they were parties to any contract, excepting so far as it resulted from the acts of placing their signatures upon the writ, by the procurement of the plaintiff therein named. The names are appended to nothing like an agreement, and it was intended as an indorsement, such as the statute refers to in relation to certain writs and petitions.

The indorsement of a name upon the back of a writ, by one not a party thereto, can have no effect independent of the provisions of the statute; of itself it manifests no intention of the indorser, which can be understood. But the Rev. Stat. c. 114, § 16, provides, that in certain writs and processes therein mentioned, when the prosecuting party is not an inhabitant of the State, the writ, petition, or bill shall be indorsed by

some sufficient person, who is an inhabitant of the State; and by section 17 a power in the Court is implied to order an indorser on motion of the other party, when one or more plaintiffs or petitioners live in the State, and another may not be an inhabitant of the State ; and by section 19, if pending the suit or petition any indorser, should in the opinion of the Court, be deemed insufficient, they may require that a new indorser should be furnished, who is sufficient, the defendant consenting that the name of the original indorser should be struck out. In no other case does the statute require an indorser, or authorize the Court to order an indorser upon any writ or other process.   By the 18th section " every indorser shall be liable in case of the avoidance or inability of the plaintiff or petitioner to pay all such costs as shall be adjudged against the plaintiff."   The 16, 17 and 19th sections having pointed out all the cases, where an indorsement is necessary, the legislature could not by any construction have contemplated, any other, when an indorsement would be made.

The two former sections would be wholly unavailing, were it not for the provisions of the 18th section, which immediately follows, defining what the liability of indorsers shall be.   Where the last section prescribes under what state of facts that liability shall attach to the indorsers, it must refer to such indorsers only as the same statute requires.   It follows, that if a stranger to a suit voluntarily puts his name upon the back of the writ, when the statute does not require it, and vests the Court with no power to order it, he can be no more liable to pay the costs, which may be recovered against the plaintiff, in case of avoidance or inability of the latter, than he would be, if he placed his name upon the back of the execution recovered, or bond, which might be taken upon the arrest of the debtor therein.

Is it otherwise, where the Court do not order it, but impose it as a condition upon which some other order which they may make or withhold, is granted ?   The Court, in the exercise of its discretion, sustain a motion on terms ; the terms being conditional are sometimes complied with at once, as the payment

of a certain sum in costs; or there may be a restriction as to recovery of costs, which is duly entered, and every thing touching the order and its conditions is done. We cannot presume, that the Court would intentionally impose a condition, which would be attended with no benefit to the party supposed to be placed in a situation, better than he would be, if the order prayed for was granted without terms, but if the terms required were a certain act, which it was believed by the Court, and the parties, and even the one, who performed it, would create a liability, when if done voluntarily, could have no effect, it certainly can have no greater effect, on account of its being done, by an order of Court, merely as the terms necessary to obtain the object sought. If an action upon a note of hand, which had been disposed of by default, should be restored to the docket to be tried, by the order of Court, on the condition, that some responsible person should give his verbal promise to pay the amount of the note, in case of a recovery by the plaintiff, it could not be contended that upon such a promise, given, it could be enforced. The defendants are not legally liable in this action, and according to the agreement of the parties, the plaintiff must become nonsuit.